UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

W. GARY OLSON,

        Plaintiff,

   v.

EDWINA S. UEHARA, *et al.*,

        Defendants.

Case No. C13-0782RSM

ORDER ON PENDING MOTIONS

## I. INTRODUCTION

This matter comes before the Court on a number of pending motions, including: Plaintiff's Motion for Extension of Time (Dkt. #79); Plaintiff's Motion for Relief from Deadline (Dkt. #86); Defendants' Motion to Compel (Dkt. #92); Plaintiff's Motion for Leave to File Amended Complaint (Dkt. #98); Plaintiff's Motion to Compel (Dkt. #103); Defendants' Motion for Protective Order (Dkt. #109); Plaintiff's Motion for Relief (Dkt. #113); and Plaintiff's Motion for Protective Order (Dkt. #114). The Court addresses each of these motions below, and also warns the parties that additional voluminous motion filings may result in monetary sanctions.

## II. BACKGROUND

The relevant background to this matter is set forth in the Court's prior Order granting Defendants' Motion for Partial Summary Judgment and Denying Plaintiff's Cross-Motion for Partial Summary Judgment, and is incorporated by reference herein. *See* Dkt. #133.

ORDER
PAGE - 1

### III. DISCUSSION

**A. Defendants' Motion to Compel Production of Email (Dkt. #92) and Plaintiff's Related Motions for Relief and for a Protective Order (Dkts. #113 and #114)**

Defendants have moved this Court for an Order compelling Plaintiff to produce 19 emails between Plaintiff and his former colleague and friend, Dr. Miceal Vaughan. Plaintiff asserts the email is protected by the attorney work product privilege. The Court DEFERS Defendants' motion for the reasons set forth herein.

*1. Applicable Standard*

"Litigants 'may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party.'" *Surfvivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625, 635 (9th Cir. 2005) (quoting Fed. R. Civ. P. 26(b)(1)). "Relevant information for purposes of discovery is information 'reasonably calculated to lead to the discovery of admissible evidence.'" *Id.* "District courts have broad discretion in determining relevancy for discovery purposes." *Id.* (citing *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002)). If requested discovery is not answered, the requesting party may move for an order compelling such discovery. Fed. R. Civ. P. 37(a)(1). "The party who resists discovery has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections." *Cable & Computer Tech., Inc. v. Lockheed Sanders, Inc.*, 175 F.R.D. 646, 650 (C.D. Cal. 1997).

*2. Attorney Work Product Privilege*

The attorney work-product privilege "shields both opinion and factual work product from discovery." *Pac. Fisheries, Inc. v. United States*, 539 F.3d 1143, 1148 (9th Cir. 2008) (citing Fed. R. Civ. P. 26(b)(3) ("Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its

representative[.]"). In this case, Plaintiff insists that the email correspondence at issue contains the mental theories and impressions of his attorney, and was created for the purpose of litigation. The Court is unable to adequately review the email correspondence in the form the documents were submitted. Accordingly, the Court directs Plaintiff to submit the emails at issue for an *in camera* review, after which the Court will rule on Defendants' motion.

   3. *Plaintiff's Motion for Protective Order (Dkt. #114)*

Plaintiff moves for a protective Order precluding Defendants from issuing a subpoena to Mr. Vaughan in an attempt to secure his privileged email correspondence with Plaintiff. Dkts. #114. Plaintiff also asked the Court to consider the motion in an expedited manner, which is now MOOT. Dkt. #113. To the extent the Plaintiff seeks to preclude the Defendants from securing what he believes are privileged documents from Mr. Vaughan himself or other third parties, the Court denies the motion as premature.[1] Not only has Plaintiff failed to provide any subpoena or document that actually seeks the emails from Mr. Vaughan directly or from any other third party, the parties have since stipulated to conduct the proposed deposition of Mr. Vaughan after the Court issues rulings on the pending motions. The Court expects Defendants to abide by any ruling the Court makes with respect to the Vaughan emails once the Court has reviewed the documents at issue and ruled accordingly.

   **B. Plaintiff's Motion for Leave to File Amended Complaint (Dkt. #98)**

Plaintiff seeks leave to file an Amended Complaint to add the Washington State Auditor's Office ("SAO"), as well as "the head of the SAO in his official capacity," as Defendants to the instant action on a defamation claim. Dkt. #98. The deadline for any joinder of parties in this matter was September 12, 2013. Dkt. #20. Plaintiff alleges that he has only

---

[1] The Court also notes that the motion was untimely filed after the discovery motion deadline in this matter, which was August 15, 2014, and would strike the motion for that reason as well.

ORDER
PAGE - 3

just discovered evidence against the SAO upon which he now desires to base a claim for defamation. He asserts that the SAO is both a necessary and permissive party to this action and there is good cause to add the party and the claim at this juncture. Dkt. #98. The Court is not persuaded. While Plaintiff fills his motion with conclusory statements that the SAO has defamed him and is now necessary to be joined to this action, Plaintiff fails to include any specific documents or statements upon which the Court could analyze such a claim. Moreover, there are no facts alleged in the proposed Third Amended Complaint upon which to evaluate the potential for a state law claim of defamation against the SAO – *i.e.*, Plaintiff fails to identify the actual alleged defamatory statements, when and to whom they were allegedly published, and how he was allegedly damaged by the statements. As a result, the Court is unable to conduct any analysis under which to determine whether the SAO should be joined as a party, and finds that Plaintiff fails to show good cause why such party should be added at this late juncture in the case. Accordingly, the motion is DENIED.

### C. Plaintiff's Motion to Compel Production (Dkt. #103)

Plaintiff seeks an Order compelling Defendants to produce documents in response to a number of pending Requests for Production. For the reasons set for the herein, the motion is GRANTED IN PART AND DENIED IN PART.

*1. Request for Production No. 18*

The Court DENIES any further response to Plaintiff's RFP No. 18. Plaintiff asserts that he needs specific information covering 13 different areas for more than 2500 students since 1997 in order to prove his defamation claim. Dkt. #103 at 3-6. Specifically, he states he needs the information to illustrate the effect of discrimination amongst minorities and disabled students in the School of Social Work graduate programs. *Id.* Defendants have already

ORDER
PAGE - 4

produced race, ethnicity, and disability status information, along with international student status information, on incoming MSW classes from 1999-2013, and for the SW 599 students by individual random identifier numbers. Dkt. #119 at ¶ 11. These categories of information permit Plaintiff to compare the racial/ethnic and disability information that is available on SW 599 students with incoming MSW classes as a whole. *Id.* The Court is not persuaded that Plaintiff requires the burdensome amount of documents he seeks through his Request. Accordingly, his motion to compel a further response is denied.

    2. *Requests for Production Nos. 8, 10, 30 and 58*

        a. <u>RFP No. 8 – Communication regarding the Audit</u>

In RFP No. 8, Plaintiff sought all communications regarding the Audit and resulting Audit Report. Dkt. #103 at 6-7. Defendants respond that they have fully responded to the Request. Dkts. #116 at 5-6 and #119 at ¶ ¶ 17-18. Accordingly, the Court directs Defendants to supplement their response to indicate as much, and no further response will be compelled.

        b. <u>RFP Nos. 10 and 30 – Communications Regarding SocW 599B Credits</u>

In RFP Nos. 10 and 30, Plaintiff seeks sweeping documentation of communications regarding SocW 599B credits. Dkt. #103 at 7. Defendants respond that such requests are overbroad and unduly burdensome, and have produced declarations evidencing the tens of thousands of dollars it would take to comply with such requests. Dkts. #116 and #117. The dispute regarding these requests appears to center on the scope of the requests and the relevancy of potential responses. The Court finds the subject matter of the requests and likely responses to be relevant to Plaintiff's claim that the University both knew of his practice of awarding 599B credits and condoned his actions. The Court further finds that the request is sufficiently narrow in time, given that the two RFPs seek documents only since March 1, 2011.

ORDER
PAGE - 5

However, the Court is not convinced that the parties have adequately conferred regarding the scope of the requests as it pertains to search terms and potential sources. Accordingly, Plaintiff's motion to compel additional responses to RFP Nos. 10 and 30 is GRANTED IN PART AND DENIED IN PART.

Plaintiff's counsel is directed to propose a list of search terms along with the sources he believes should be searched to defense counsel no later than ten days from the date of this Order. The parties shall then engage in a good faith meet and confer regarding that proposal. Should the parties remain unable to come to an agreement regarding the scope of the requests, they may resubmit an Expedited Joint Motion pursuant to Local Rule CR 37(a)(2) regarding these requests, no later than **October 3, 2014**. Plaintiff's counsel is warned that should he continue to insist upon a broad scope of discovery that the Court will consider shifting the cost of responding to such requests to Plaintiff.

c. RFP No. 58 – Communication regarding student referrals to Dr. Olson

In RFP No. 58, Plaintiff essentially seeks documentation occurring between 2003 and 2011 of any communications reflecting student referrals to Dr. Olson, or in which Dr. Olson was referenced with respect to a student's inability to take enough credits to obtain financial aid. Dkt. #103 at 7. As with the previous RFP Nos. 10 and 30, the dispute regarding RFP No. 58 appears to center on the scope of the request and the relevancy of potential responses. The Court finds the subject matter of the request and likely responses to be relevant to Plaintiff's claim that the University both knew of his practice of awarding 599B credits and condoned his actions. However, the Court is not convinced that the request is sufficiently narrow in time, given that the RFP seeks documents over an eight year period. Further, the Court is not convinced that the parties have adequately conferred regarding the scope of the requests as it

pertains to search terms and potential sources. Accordingly, Plaintiff's motion to compel and additional response to RFP No. 58 is GRANTED IN PART AND DENIED IN PART.

Plaintiff's counsel is directed to propose a list of search terms along with the sources he believes should be searched to defense counsel no later than ten days from the date of this Order. The parties shall then engage in a good faith meet and confer regarding that proposal. The parties should also discuss an appropriate date range. Should the parties remain unable to come to an agreement regarding the scope of the requests, they may resubmit an <u>Expedited Joint Motion</u> pursuant to Local Rule CR 37(a)(2) regarding this request, no later than **October 3, 2014**. Plaintiff's counsel is warned that should he continue to insist upon a broad scope of discovery that the Court will consider shifting the cost of responding to such requests to Plaintiff.

*3. Cordova Emails*

The parties are directed to engage in a good faith discovery conference pertaining to Plaintiff's request for email correspondence between Mr. Cordova and Mr. Jackson. Any remaining dispute may be raised through the expedited joint motion process noted above, no later than **October 3, 2014**.

*4. Statement that All Responsive Documents Have Been Produced*

Plaintiff requests an Order compelling Defendants to supplement their responses specifically noting that all responsive documents have been produced. The Court will make no such order. The Court has addressed specific disputes as noted herein, and otherwise expects the parties to complete discovery in a professional and efficient manner.

ORDER
PAGE - 7

*5. Records Demonstrating Dr. Olson's Involvement With Undergraduates*

In RFP No. 25, Plaintiff sought documents demonstrating his involvement with undergraduate students. Dkt. #103 at 11, fn. 4 and Dkt. #45. Defendants respond that they have fully responded to the Request, and no other responsive documents are known to exist. Dkts. #116 at 9. Accordingly, the Court directs Defendants to supplement their response to indicate as much, and no further response will be compelled.

*6. Redaction of Witness Location Information*

The parties are directed to engage in a good faith discovery conference pertaining to Plaintiff's request for witness location information. Any remaining dispute may be raised through the expedited joint motion process noted above, no later than **October 3, 2014**.

*7. Order Compelling Additional Documents*

Finally, Plaintiff seeks an Order compelling Defendants to produce documents for which they have already stated an intent to provide if they exist. Dkt. #103 at 11-12. Defense counsel has reiterated that she intends to follow through with her search and production if such records are found. Dkt. #116 at 10. Accordingly, the Court declines to enter any additional orders with respect to these documents. The Court has addressed specific disputes as noted herein, and otherwise expects the parties to complete discovery in a professional and efficient manner.

**D. Defendants' Motion for Protective Order (Dkt. #109)**

Defendant has moved this Court for an Order precluding Plaintiff from taking the deposition of University of Washington President Michael Young. Dkt. #109. The deadline for filing discovery motions was August 15, 2014. Dkt. #20. Defendants filed their motion on August 18, 2015, with no acknowledgment of the motion deadline or any explanation as to why

the motion should be considered even though untimely filed. Accordingly, the Court STRIKES the motion as untimely. However, the Court also expects Plaintiff to reevaluate the necessity of taking and/or scope of Mr. Young's deposition in light of the Court's dismissal of Mr. Young as a Defendant to this action.

### E. Plaintiff's Motions for Relief from Deadline (Dkts. #79 and #86)

Given the rulings set forth in this Order regarding discovery, the Court GRANTS IN PART and DENIES IN PART Plaintiff's various motions for relief from the pending pre-trial deadlines. The Court will GRANT one additional month to complete discovery, and will correspondingly extend the dispositive motion deadline by two weeks in an effort to keep this matter moving forward on the current trial schedule. However, the Court DENIES the extension of any other remaining pre-trial deadlines and further declines to extend the current trial date.

These extensions appear to moot Plaintiff's third motion to extend the discovery deadline (Dkt. #134), in which he seeks additional time to seek discovery from the Department of Education. That motion will be STRICKEN AS MOOT, and Defendants are not required to file any response.

### F. Future Motions

Within the last month, the parties have filed numerous motions. While the parties appear to go through the motions of engaging in the required conferences prior to filing their motions, the Court is not entirely convinced that such meetings meet the spirit of attempting to resolve their disputes in good faith. The Court particularly frowns upon Plaintiff's counsel's apparent practice of calling defense counsel the day before he plans to file a motion, without scheduling enough time to have a productive discussion or without providing defense counsel

ORDER
PAGE - 9

enough notice of the subject matter proposed to be discussed such that any conversation could be productive. As a result, the Court has devoted immeasurable resources addressing these disputes, many of which appear to have been avoidable had the parties sought more timely assistance from the Court or come to agreements regarding the timing of discovery while awaiting rulings from the Court on previously-filed motions. Accordingly, the Court now warns the parties that the continued practice of filing untimely, serial motions may result in monetary sanctions imposed on counsel. The Court expects the parties to behave professionally and efficiently, and engage in genuine efforts to resolve disputes before raising them in this forum.

### IV.   CONCLUSION

Having reviewed the parties' motions, the responses in opposition thereto and replies in support thereof, along with the supporting declarations and exhibits and the remainder of the record, the Court hereby finds and ORDERS:

1) The CLERK shall RENOTE Defendants' Motion to Compel (Dkt. #92) for consideration on **September 19, 2014**. Plaintiff SHALL deliver the documents at issue in this motion (email correspondence with Miceal Vaughan) directly to the Court in unredacted, hard copy form NO LATER THAN seven (7) days from the date of this Order so that the Court may engage in an *in camera* review. Plaintiff SHALL NOT file the documents with the Court.

2) Plaintiff's Motion for Relief (Dkt. #113) is DENIED AS MOOT.

3) Plaintiff's Motion for Protective Order (Dkt. #114) is DENIED AS PREMATURE.

4) Plaintiff's Motion for Leave to File a Third Amended Complaint (Dkt. #98) is DENIED.

5) Plaintiff's Motion to Compel Production (Dkt. #103) is GRANTED IN PART AND DENIED IN PART as discussed above.

6) Defendants' Motion for Protective Order (Dkt. #109) is STRICKEN AS UNTIMELY.

7) Plaintiff's Motions for Relief from Deadlines (Dkt. #79 and #86) are GRANTED IN PART AND DENIED IN PART. The CLERK shall RESET the parties' discovery deadline in this matter to **October 15, 2014**. The CLERK shall also RESET the parties' dispositive motion deadline to **October 31, 2014**.

8) Plaintiff's Motion for Extension of Time to Modify Case Schedule (Dkt. #134) is STRICKEN AS MOOT.

DATED this 10 day of September, 2014.

[signature]

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE