UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| W. GARY OLSON,<br><br>        Plaintiff,<br><br>    v.<br><br>EDWINA S. UEHARA, *et al.*,<br><br>        Defendants. | Case No. C13-0782RSM<br><br>ORDER GRANTING DEFENDANTS' MOTION TO COMPEL PRODUCTION OF EMAIL |

## I.   INTRODUCTION

This matter comes before the Court on Defendants' Motion to Compel the production of certain emails. (Dkt. #92). This Court previously requested that Plaintiff provide it with unredacted copies of the email in question for an *in camera* review. (Dkt. # 137). The Court has since received and reviewed the emails. For the reasons set forth below, the Court GRANTS Defendants' Motion to Compel and directs Plaintiff to produce the emails in their entirety to Defendants no later than five (5) days from the date of this Order.

## II.   BACKGROUND

The relevant background to this matter is set forth in the Court's prior Order granting Defendants' Motion for Partial Summary Judgment and Denying Plaintiff's Cross-Motion for Partial Summary Judgment, and is incorporated by reference herein. *See* Dkt. #133.

ORDER
PAGE - 1

### III.   DISCUSSION

Defendants have moved this Court for an Order compelling Plaintiff to produce 19 emails between Plaintiff and his former colleague and friend, Dr. Miceal Vaughan.  Plaintiff asserts the email is protected by the attorney work product privilege.  The Court disagrees.

The work product doctrine protects from discovery materials prepared by an attorney in anticipation of litigation.  *See generally Hickman v. Taylor*, 329 U.S. 495, 511, 91 L. Ed. 451, 67 S. Ct. 385 (1947).  The privilege is intended to allow an attorney to "work with a certain degree of privacy, free from unnecessary intrusion by opposing parties and their counsel."  *Id.*  Materials that contain the impressions, conclusions or theories of counsel constitute work product.  *See id.*  To qualify for work-product protection, materials must "(1) be prepared in anticipation of litigation or for trial and (2) be prepared by or for another party or by or for that other party's representative."  *United States v. Richey*, 632 F.3d 559, 567 (9th Cir. 2011) (citation and quotation marks omitted).  When a document was not prepared exclusively for litigation, it will receive protection if "in light of the nature of the document and the factual situation in the particular case, the document can be fairly said to have been prepared or obtained because of the prospect of litigation."  *Id*. at 568 (citation and quotation marks omitted).  This analysis requires the court to examine the totality of the circumstances and determine whether the document was prepared in anticipation of litigation and "would not have been created in substantially similar form but for the prospect of litigation."  *Id.* (citation and quotation marks omitted).

In this case, Plaintiff insists that the email correspondence at issue contains the mental theories and impressions of his attorney, and was created for the purpose of litigation.

ORDER
PAGE - 2

However, much of what has been redacted by Plaintiff does not constitute work product. In fact:

1. the redacted portion of the email numbered 8, simply relays that Plaintiff is inclined to decline an interview with King 5 News;

2. part of the redacted portion of the email numbered 9 references a statement and an exhibit, without specifics, neither of which are attached to the email. The other part of the redaction merely states that Plaintiff will ask his attorney about applying for a job;

3. the redacted portions of the emails numbered 10-16 reference notes created by someone at the University of Washington as part of the audit, including the interview of Mr. Vaughan during the audit, and ask Mr. Vaughan to review them for accuracy;

4. other redacted portions of the emails numbered 10-16 reference an attempt to schedule a meeting with Plaintiff, Mr. Vaughan and his lawyer;

5. other redacted portions of the emails numbered 10-16 redact a reference to a bar to which Plaintiff and Mr. Vaughan apparently want to take Plaintiff's significant other and a discussion of the ballet Giselle;

6. part of the redacted portions of the emails numbered 14-15 relays Plaintiff's understanding of why his case is taking longer than expected, which is apparently based on what his attorney told him about the procedure in this case;

7. other redacted portions of the emails numbered 14-15 relay Plaintiff's opinions about audit notes he reviewed, without any reference to any legal matters or his attorney; and

ORDER
PAGE - 3

8. the redacted portion of the email numbered 17 simply references that Plaintiff and Mr. Vaughan met the night before.

Nothing in these redactions reveals the mental theories and impressions of Plaintiff's attorney, especially given that Plaintiff has already disclosed Mr. Vaughan as a person likely to have information relevant to this case.  Moreover, none of the email correspondence is drafted by Plaintiff's attorney, and much of the content is of a personal nature not related to this lawsuit or the issues raised herein.  Similarly an attorney's involvement in, or recommendation of, a transaction does not place a cloak of secrecy around all the incidents of such a transaction.  For example, facts which an attorney receives from a third party about a client are not privileged. *Hickman v. Taylor*, *supra*.

Likewise, the emails numbered 1-7 are not privileged.  These emails contain a discussion about statements that Plaintiff would like Mr. Vaughan to prepare for him.  The purpose of the statements is not entirely clear from the contents of the email, although Plaintiff apparently wanted to provide a statement from Mr. Vaughan to the VP of Human Resources at the University of Washington.  Significantly, Plaintiff directs Mr. Vaughan as to what to write, apparently based on his own opinion of what would be helpful.  Moreover, Mr. Vaughan clearly understands that his statements are not and will not remain confidential as Plaintiff informs him that he will be providing one of them to the University of Washington and Mr. Vaughan states that Plaintiff may use the statements as he sees fit.  Further Mr. Vaughan drafts his statements on his employer's (Defendant University of Washington) letterhead, and addresses the letter directly to Plaintiff or to "To Whom It May Concern."  The statements discuss University procedures in general, and specifically disavow any knowledge of the way Plaintiff or the School of Social Work operated.  The emails and attachments are dated August

ORDER
PAGE - 4

2 and August 4, 2011, almost two years prior to the date the instant lawsuit was filed on May 3, 2013.  As such, nothing in these emails appears to have been prepared in anticipation of the instant litigation, nor do they appear to reveal the mental impressions and theories of Plaintiff's counsel.

Accordingly, the Court finds these emails to be relevant and not privileged, and therefore must be produced in response to Defendants' discovery requests.

## IV.   CONCLUSION

Having reviewed Defendants' Motion to Compel, the response in opposition thereto and reply in support thereof, along with the supporting declarations and exhibits, unredacted copies of the emails in question, and the remainder of the record, the Court hereby finds and ORDERS:

1) Defendants' Motion to Compel (Dkt. #92) is GRANTED.

2) Plaintiff shall produce unredacted copies of the same emails provided to the Court to Defendants NO LATER than five (5) days from the date of this Order.

DATED this 16 day of September, 2014.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE