UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| W. GARY OLSON,<br><br>         Plaintiff,<br><br>   v.<br><br>EDWINA S. UEHARA, *et al.*,<br><br>         Defendants. | Case No. C13-0782RSM<br><br>ORDER GRANTING DEFENDANTS' MOTION TO STRIKE EXPERT HORRELL |

## I.     INTRODUCTION

This matter comes before the Court on Defendants' Motion to Strike Plaintiff's proposed economic expert James Horell on the basis that his report was untimely disclosed. Dkt. #141. Plaintiff admits the report was untimely, but argues that Defendants have not been prejudiced, and a more appropriate remedy would be to amend the current scheduling order to allow Defendants to depose Mr. Horell and hire their own rebuttal expert. Dkt. #144. For the reasons set forth below, the Court disagrees with Plaintiff and GRANTS Defendants' Motion to Strike.

## II.     BACKGROUND

The relevant background to this matter is set forth in the Court's prior Order granting Defendants' Motion for Partial Summary Judgment and Denying Plaintiff's Cross-Motion for Partial Summary Judgment, and is incorporated by reference herein. *See* Dkt. #133.

ORDER
PAGE - 1

### III. DISCUSSION

Expert witness disclosures were due in this matter on July 16, 2014. Dkt. #1. On that date, Plaintiff did not provide such disclosures. Instead, he provided Defendants with a list of potential witnesses in this matter, indentifying names and potential areas of testimony. Dkt. #142, Ex. B. Mr. Horell's name was on that list. However, he was not identified as a potential expert witness. Indeed, he was not even identified as an economist, although one could glean something of the sort from the description appearing next to his name. Dkt. #142, Ex. B at 3. Further, none of the required expert disclosures accompanied Mr. Horell's identification. For example, Plaintiff produced no CV for Mr. Horell, nor did he produce any list of documents reviewed by Mr. Horell, any identification of publications authored by Mr. Horell, any list of prior deposition or trial testimony, nor any other information about Mr. Horell other than a general description of areas of potential testimony. *See id.* and Fed. R. Civ. P. 26.

Plaintiff admits that no formal expert report was provided at that time. Dkt. #144 at 2. Instead, on September 24, 2014, more than two months after the expert report deadline had passed and almost two weeks after the discovery deadline had passed, Plaintiff produced a "preliminary report" from Mr. Horell to Defendants. Dkt. #142, Ex. A. Although Plaintiff had previously identified Mr. Horell as a person who would provide an analysis of data regarding demographic information of MSW students in the School of Social work and a valuation of Plaintiff's damages, the report provided only the latter. *Id.* Plaintiff argues, however, that he had previously informed defense counsel he would provide the report after certain underlying data had been received, and further argues that he was precluded from filing a timely report because he was waiting on the Court to rule on a motion to compel demographic data (which the Court ultimately denied). He also asserts that the federal rules would have prevented him

ORDER
PAGE - 2

from adding new opinions at a later date when such data was gathered. *Id.* at 2-5. The Court is not persuaded.

Plaintiff misconstrues the rules governing expert disclosures, and erroneously relies on out of District authority for the premise that he would have jeopardized his expert's ability to testify if he had produced a timely report because it would not have been "complete" in July. Dkt. #144 at 5. Plaintiff's contention ignores the plain language of Federal Rule 26. Federal Rule 26(e) permits supplementation of an expert report "in a timely manner if the party learns that in some material respect the disclosure . . . is incomplete or incorrect . . . ." Fed. R. Civ. P. 26(e)(1)(A).[1] While the Court acknowledges that the supplementation rule is not intended to allow parties to add new opinions to an expert disclosure <u>based on evidence that was available to them at the time the initial disclosure was due</u>, it does not prevent a party from adding opinions based on evidence it did not have at the time the initial report was due through a proper supplementation. Nor does the Rule provide that a party should not disclose opinions by the deadline simply because that party is waiting for additional information. Indeed, "a party may not use a supplement to extend the discovery deadline and introduce [a] new opinion, nor may a party simply use an existing expert's disclosure as a placeholder to spring a supplemental opinion in the eleventh hour." *North View Estates, GP v. Yreka Holdings*, 2010 U.S. Dist. LEXIS 57800, at *3 (E.D. Cal. Jan. 13, 2010) (internal quotation marks and citations omitted).

Federal Rule of Civil Procedure 37(c) authorizes the imposition of sanctions against a party who fails to identify a witness or to provide information as required under Federal Rule of

---

[1] While Plaintiff does not call his expert's report "a supplementation," that is, in effect, what it is. By asserting that he disclosed Mr. Horell by name on July 16, 2014 (the expert witness disclosure deadline), Plaintiff must also concede that his later "preliminary report" is actually a supplementation to the earlier disclosure.

ORDER
PAGE - 3

Civil Procedure 26(a) or (e). Fed. R. Civ. P. 37(c). In general, the Rule provides that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or harmless." Fed. R. Civ. P. 37(c)(1). In addition, Rule 37(c) provides that as an addition or substitute for this sanction, "the court, on motion and after giving an opportunity to be heard . . . (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure; (B) may inform the jury of the party's failure; and (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi)." Fed. R. Civ. P. 37(c)(1)(A), (B), (C).

The only sanction that Defendants have requested is the exclusion of Mr. Horell's testimony. Courts recognize the harsh nature of such a sanction, and therefore it need not be applied if the failure to timely disclose was "substantially justified or harmless." Fed. R. Civ. P. 37(c)(1). Unfortunately, the only excuse Plaintiff offers for his failure to present Mr. Horell's damages valuation in a timely expert designation is that he was waiting for unrelated demographic data which was the subject of a motion before this Court. He admits that Mr. Horell had the damages information by July 16th. Dkt. #144 at 4-5. Thus, there is no basis upon which this Court could find that the untimeliness of Plaintiff's report was substantially justified.

Neither can the Court conclude that Plaintiff's tardy disclosure of the subject matter upon which Mr. Horell is expected to provide expert testimony is harmless. As noted above, Plaintiff served his expert witness report after the discovery deadline in this matter had passed. Defendants have prepared their case based on the information disclosed to it prior to that deadline. Trial is scheduled for January 12, 2015 – just two months from now. Allowing

ORDER
PAGE - 4

Plaintiff to proceed with this late disclosure could conceivably impact the trial date, which would not be harmless for purposes of Rule 37(c). *See Wong v. Regents of the Univ. of Cal.*, 410 F.3d 1052, 1062 (9th Cir. 2005). When a party fails to identify expert witnesses, and provide the disclosures required by Rule 26(a)(2) in accordance with the Court's scheduling order, "[d]isruption to the schedule of the court and other parties in that manner is not harmless." *Id.* Further, the untimeliness of Plaintiff's disclosure has caused Defendants to incur attorney's fees through motion practice in this Court. The present motion either would not have been filed had Plaintiff timely disclosed the subject matter on which it expected Mr. Horell to present evidence or it may have been filed in substantially different form. *See generally Bixby v. KBR, Inc.*, 282 F.R.D. 521, 531 (D. Or. 2011). Accordingly, this Court concludes that Plaintiff's untimely disclosure was not harmless. As a result, the Court also finds that sanctions are appropriate. *See Affiliated FM Ins. Co. v. LTK Consulting Servs.*, 2014 U.S. Dist. LEXIS 53211 (W.D. Wash. Apr. 16, 2014).

As noted above, under Rule 37(c)(1), it is within the Court's discretion to exclude Mr. Horell's expert testimony on the late disclosed subject matter. Fed. R. Civ. P. 37(c)(1). As the Ninth Circuit has explained, exclusion is the "self-executing" or "automatic" sanction contemplated under Rule 37(c). *See Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001). Other circuit courts have ruled that the exclusion sanction is an extreme remedy "not normally to be imposed absent a showing of willful deception or flagrant disregard of a court order by the proponent of the [untimely proffered] evidence." *See, e.g., In re Paoli R.R. Yard PCB Litig.*, 35 F.3d 717, 792 (3d Cir. 1994). However, the Ninth Circuit has declined to adopt any such prerequisite. *See, e.g., Quevedo v. Trans - Pacific Shipping*, 143 F.3d 1255, 1258 (9th Cir. 1998), *Wong*, 410 F.3d at 1061-62. Indeed, the Ninth Circuit has

ORDER
PAGE - 5

expressly opined that the exclusion sanction, although concededly "onerous," may be appropriately imposed under Rule 37(c) in the absence of any willfulness, fault, or bad faith on the part of the dilatory party, even where its imposition may render it difficult or impossible for that party to prove his or her case. *Yeti by Molly*, 259 F.3d at 1106. For all of these reasons, the Court finds exclusion of Mr. Horell as an expert witness to be the appropriate remedy.

## IV.   CONCLUSION

Having reviewed Defendants' Motion to Strike, the response in opposition thereto and reply in support thereof, along with the supporting declarations and exhibits and the remainder of the record, the Court hereby finds and ORDERS:

1) Defendants' Motion to Strike (Dkt. #141) is GRANTED.

2) Mr. Horell is STRICKEN as an expert witness in this matter due to Plaintiff's late disclosure of his opinions and he shall not testify as to any damages valuation he may have prepared.

DATED this 4 day of November 2014.

_____
RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE